IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ROBERT T. BREWER** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 05-0167-CG-B |
| | ) | |
| **COMMISSIONER,** | ) | |
| **INTERNAL REVENUE** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This cause is before the court on defendant's motion to dismiss plaintiff's amended complaint (Doc. 12), and plaintiff's response (Doc. 15). Upon consideration of all matters presented, and for the reasons stated herein, the court concludes that defendant's motion to dismiss is due to be granted in part and denied in part.

**I.  THE COMPLAINT**

Plaintiff filed suit against the Commissioner of the Internal Revenue Service (hereinafter "IRS") claiming that defendant committed common law torts including fraud, harassment and intentional infliction of emotional distress. (Doc. 6 at 6-7). Plaintiff also alleges that the defendant improperly seized plaintiff's social security benefits, violated his due process rights by failing to provide him with an opportunity to challenge his 2000 federal income tax liabilities, and violated his rights to equal protection under the law and to free speech by sending him a letter regarding the levy of his social security benefits that stated "[p]lease do not contact the Social Security Administration regarding your Federal tax matter." Id. at 7-9. While the complaint is not at all clear, it also appears to seek to enjoin assessment of his 1997, 2000, 2001,

1

2002 and 2003 federal income tax liabilities and to enjoin collection of these same liabilities.  In addition, plaintiff seeks damages in the amount of $15,000 and requests that the court order defendant to pay all costs.  Id. at 9-10.

On September 7, 2004, the parties met in Mobile Tax Court to resolve issues arising from a Notice of Deficiency issued to plaintiff for his 1999 federal income tax liabilities.  (Doc. 6 at 4).  Plaintiff claims that at that time, the IRS issued an audit statement to plaintiff indicating a net tax due in the amount of $1,100.00 for the 1999 tax year.  Id.  Plaintiff asserts that on October 20, 2004, he visited an IRS office in Mobile and paid the $1,100.00 net tax due for the 1999 tax year.  Id.  However, plaintiff states that in January 2005, defendant's Austin, Texas, office changed the net tax due and issued a new demand for $6,416.89 in taxes for the 1999 tax year.  Id.  Plaintiff proffers a January 25, 2005, U.S. Tax Court order, which declares that plaintiff's 1999 Federal income tax deficiency was $4,878, and that the net tax due for 1999 was $1,100.00, the amount plaintiff appears to have paid.  Brewer v. Commissioner, T.C.M. 2005-10. at 5.  The order declines to abate interest on the 1999 deficiency.  Id.

Plaintiff provides that he "made several calls to defendant in order to persuade it to revoke the new demand for taxes, but none were effective."  (Doc. 6 at 5).  According to plaintiff, on March 11, 2005, plaintiff spoke with an IRS employee who identified himself as Mr. Neilson.  Id.  Plaintiff avers that Neilson "agreed to revoke the new $6,416.89 demand and virtually wipe out plaintiff's 1999 tax liability, mentioning that there would still be a small amount of interest to pay."  Id.  Moreover, plaintiff contends that when he tried to rectify the situation with Neilson, Neilson "examin[ed] plaintiff's 1997 situation, his 2001 situation," and told plaintiff that the IRS would be issuing Notices of Deficiency against him with respect to the tax years 2002, and 2003, and that Neilson would send plaintiff a copy of a previously issued

Notice of Deficiency for tax year 2000.[1]  Id. at 5.

In a letter dated March 28, 2005, sent from defendant's Philadelphia office, defendant made another demand for new taxes for the 1999 tax year in the amount of $6,619.32.  (Final Notice of Intent to Levy and Notice of Right to a Hearing).  Plaintiff maintains that the demand from defendant's Philadelphia office contravenes defendant's audit statement fixing plaintiff's net tax due at $1,100.00; the sworn Tax Court order affirming $1,100.00 as plaintiff's net tax due for the tax year 1999; the January U.S. Tax Court order affirming $1,100.00 as plaintiff's net tax due for the tax year 1999; and plaintiff's receipt showing his net tax due paid in full.  (Doc. 6 at 6).  Plaintiff claims that he delivered a letter of disputation concerning "new demand" to defendant's Mobile office.  Id.  Further, plaintiff states that the "new demand also carries with it the threat of a [l]evy of Social Security [b]enefits, and there being no other remedy in law, plaintiff makes this application to the court for relief."  Id.

## II.     LEGAL STANDARD

A motion to dismiss should not be granted "unless the plaintiff can prove no set of facts which would entitle him to relief."  Martinez v. Am. Airlines, Inc., 74 F.3d 247, 248 (11th Cir.1996) (quoting Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir.1993)).  In making this determination, the court must "take all the allegations in the complaint as true, and view the complaint in the light most favorable to the plaintiff."  Id.  However, to survive a motion to dismiss, a plaintiff may not merely "label" his claims.  At a minimum, the Federal Rules of Civil Procedure require "a short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

---

[1] This is the only portion of the defendant's allegations that can be construed as providing a basis that plaintiff is seeking to enjoin assessment of taxes for those years.

Conley v. Gibson, 355 U.S. 41, 47 (1957) (quoting FED. R. CIV. P. 8(a)(2)).

### III.   ANALYSIS

Defendant United States seeks to dismiss plaintiff's amended complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 12(b)(1). Although defendant is the moving party, plaintiff is the party seeking to invoke the court's jurisdiction. As such, plaintiff bears the burden of establishing subject matter jurisdiction. See Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989) ("[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears").

It is well settled that the United States, as a sovereign, may not be sued without its consent, and that the terms of its consent define this court's jurisdiction. See, e.g., United States v. Dalm, 494 U.S. 596 (1990). Such a waiver cannot be implied and must, therefore, be unequivocally expressed. Id.

The sovereign immunity of the United States can only be waived if Congress enacts statutes consenting to suit. See, e.g., United States v. Sherwood, 312 U.S. 584 (1941). Furthermore, the government's consent to be sued is to be "construed strictly in favor of the sovereign" and "not enlarged beyond what the language requires." United States Dept. of Energy v. Ohio, 503 U.S. 607 (1992) (citations omitted). Where a suit has not been consented to by the United States, dismissal of the action is required. See, e.g., Elias v. Connett, 908 F.2d 521 (9th Cir. 1990). Additionally, "[w]aiver of immunity must be demonstrated by the party suing the United States." Cominotto v. United States, 802 F.2d 1127, 1129 (9th Cir. 1986).

Plaintiff claims that this court has jurisdiction over the actions against the United States under 28 U.S.C. §§ 1331 and 1340 with immunity waived pursuant to 28 U.S.C. § 7421(a) (the

4

Anti-Injunction Act), 28 U.S.C. § 2410 (quiet title action), and 26 U.S.C. 7433(a) (Taxpayer Bill of Rights). Since §§ 1331 and 1340 are general jurisdictional statutes and do not suffice to confer jurisdiction in the absence of an explicit waiver of immunity by the United States, the court considers plaintiff's waiver arguments in turn.

### 1. The Federal Tort Claims Act ("FTCA")

The Federal Tort Claims Act, (hereinafter "FTCA"), 28 U.S.C. §§ 2671 - 2680, provides in part that the United States "shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. §2674. However, in Endara v. IRS, 1997 WL 792355(E.D.N.Y. 1997), the court ruled that:

> [T]he United States is protected from suit "[] when . . . the claims encompass torts and constitutional violations." Jones v. U.S., 16 F.3d 979, 981 (8th Cir. 1994); see also Pereira v. U.S. Postal Service, 964 F.2d 873, 876 (9th Cir. 1992) (dismissing plaintiff's claim because the United States is immune from liability for constitutional torts); Wright v. United States, 902 F. Supp. 486, 489 (S.D.N.Y. 1995) ("The United States . . . has not waived its sovereign immunity against constitutional tort claims.") (citing Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 114 S. Ct. 996, 1005, 127 L. Ed. 2d 308 (1994)). Therefore, [such a] complaint must be dismissed because the Court lacks subject matter jurisdiction over [] constitutional claims.

Endara, 1997 WL 792355 at *5. In addition, actions related to the assessment and collection of taxes are expressly excluded from the Act's coverage. 28 U.S.C. § 2680(c).

It follows that to the extent that plaintiff's claims are construed to include common law torts such as fraud, harassment and intentional infliction of emotional distress, and constitutional violations, the court lacks jurisdiction. Since the FTCA does not provide a source of waiver for any of plaintiff's claims for damages arising out of common law torts or constitutional violations, the claims are due to be dismissed.

5

**2.      26 U.S.C. § 7433**

Plaintiff also alleges a cause of action for civil damages for "abrogations, curtailments and infringements of his rights" in connection with "defendant's refusal to properly credit his 1999 tax account, and further deluging him with Notices of Deficiency," pursuant to § 7433. (Doc. 6 at 9). Plaintiff claims that defendant committed procedural error in that defendant intended to levy plaintiffs Social Security benefits "based on inaccurate calculations that failed to take into account [plaintiff's] paid tax liability for the year 1999." (Doc. 15 at 15).

Section 7433, another potential source of waiver of governmental immunity, provides in relevant part that "if in connection with any collection of Federal tax . . . any officer or employee [of the IRS] recklessly or intentionally disregards any provision of this title, or any regulation promulgated under this title," the taxpayer may bring a civil action for damages against the United States in a federal district court. 26 U.S.C. § 7433. Interpretation of § 7433 is guided by the principle that a "waiver of sovereign immunity, like any other, 'must be strictly observed,' and construed 'in favor of the sovereign.'" Gonsalves v. I.R.S., 975 F.2d 13, 15 (1st Cir. 1992) (citations omitted) (quoting Soriano v. United States, 352 U.S. 270, 276 and McMahon v. United States, 342 U.S. 25, 27, (1951)). "[I]n a case involving the government's sovereign immunity the statute in question . . . may not be enlarged beyond the waiver its language expressly requires." Miller v. United States, 66 F.3d 220, 222 (9th Cir. 1995); see United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992). With this limiting principle in mind, it is apparent from the language and legislative history of § 7433 that Congress did not intend to authorize suits based on improper determination of tax liability.

As already noted, § 7433 by its own terms is limited to allegedly illegal acts by IRS officials or employees "in connection with any collection of Federal tax." In Shaw v. United

States, 20 F.3d 182 (5th Cir. 1994), the court elucidated the distinction between an improper assessment and improper collection activities.

> [I]mproper assessment deals with the decision to impose tax liability while improper collection activities involves conduct of an agent trying to collect the taxes owed. Miller v. United States, 763 F.Supp 1534, 1543 (N.D.Cal. 1991). To demonstrate a violation of each claim involve[s] proof of distinctive facts – to prove a claim for improper assessment, a taxpayer must demonstrate why no taxes are owed, but to prove a claim for improper collection practices, the taxpayer must demonstrate that the IRS did not follow the prescribed methods of acquiring assets.

Shaw, 20 F.3d at 184. This court concludes that plaintiff's claim concerning the 1999 tax year is in the nature of a challenge to an improper assessment rather than collection activities.

Plaintiff seems to allege that his claim is in fact based on allegedly illegal collection acts. The plaintiff points out that the IRS sent a Notice of Levy, which the court recognizes as a collection action. See Miller, 763 F.Supp at 1543, (a notice and demand for payment constitute a collection action, as does the filing of a notice of tax lien). The issuance of the Notice of Levy, however, does not transform the taxpayer's complaint into alleging improper collection procedures. See Miller, 66 F.3d at 222 (plaintiff's claim failed under § 7433 where plaintiff alleged unlawful act with respect to determination of tax, but did not allege deficiency in notice and demand procedures taken by IRS); Shaw, 20 F.3d at 184 (although IRS improperly assessed tax liability against plaintiff, plaintiff cannot collect damages under § 7433 where IRS did not engage in improper collection procedures). Plaintiff seeks relief "based on inaccurate calculations that failed to take into account [plaintiff's] paid tax liability for the year 1999." (Doc. 15 at 15).

> Section 7433 provides a remedy solely for illegal collection activities; where the IRS follows proper procedures to collect a tax that has been improperly assessed, a taxpayer must seek a different remedy. To hold otherwise would transform § 7433 into a provision of much broader scope, allowing suit wherever the IRS attempted to collect improperly assessed taxes. Such an interpretation may hold some appeal, but it was not

the interpretation intended by Congress.

Ihasz v. United States, 997 F.Supp 547, 551 (D.C.VT. 1997)

None of the arguments asserted in plaintiff's response to defendant's motion to dismiss alter the conclusion that the plaintiff's claim falls outside the scope of § 7433.  The court can discern no waiver of sovereign immunity applicable to this claim.  Therefore, because a waiver germane to plaintiff's claim for civil damages does not exist, plaintiff's action for civil damages under § 7433 is due to be dismissed.

### 3. 28 U.S.C. § 2410

Plaintiff asserts that defendant has waived sovereign immunity with respect to any challenge as to the 1999 tax year.  (Doc. 15 at 10).  Plaintiff correctly points out that "[w]hen the taxpayer challenges the procedural regularity of the tax lien and the procedures used to enforce the lien, and not the validity of the tax assessment, sovereign immunity is waived and the district court does have jurisdiction over a quiet title action."  Schmidt v. King, 913 F.2d 837, 839 (10th Cir. 1990).  In pertinent part, section 2410(a) provides:

> The United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter -- (1) to quiet title to . . . real or personal property on which the United States has or claims a mortgage or other lien.

28 U.S.C. § 2410(a).  Plaintiff, however, relies on Guthrie v. Sawyer, 970 F.2d 733 (10th Cir. 1992), to advance the proposition that the United States waives sovereign immunity "when a taxpayer challenges procedural aspects of a levy or assessment."  (Doc. 15 at 10); see Guthrie, 970 F.2d at 735.  It appears that plaintiff contends that pursuant to the Guthrie court's expansive reading of §2410, the United States has waived sovereign immunity vis-a-vis plaintiff's challenge to the alleged inaccurate assessment of plaintiff's 1999 tax liability.

The Guthrie case was decided under special circumstances not present in this case.

> [T]he holding in Guthrie . . . was made possible by the Tenth Circuit's specific holding that §2410 'does waive sovereign immunity with respect to procedural violations arising from assessment, levy, and seizure.' Guthrie, 970 F.2d at 735 (emphasis added). Guthrie took pains to note that the emphasized language was 'submitted to and unanimously approved by the court en banc.' Id. at 735 n.3. Whereas Guthrie had the blessing of a higher authority, in that case an en banc panel, the proposition advanced by taxpayer does not.

PCCE, Inc. v. United States, IRS, 159 F.3d 425, 428 (9th Cir. 1998). This court declines to adopt the holding in Guthrie and limits the breadth of §2410 to challenges based upon the "procedural regularity of [a] tax lien and the procedures used to enforce [a] lien," in accordance with the plain meaning of § 2410. Schmidt, 913 F.2d at 839.

Even if plaintiff characterizes this action as a suit to quiet title so as to fall within the limited waiver of sovereign immunity provided by 28 U.S.C. § 2410, the facts as alleged and the briefs presented prompt this court to the conclusion that this action is not commenced to determine title, but is an action seeking to challenge the amount of plaintiff's 1999 tax liability. Plaintiff does not contest the procedural regularity of the lien; rather, it seems that plaintiff seeks a declaratory judgment that upon payment of $ 1,100.00 for the 1999 tax year the tax lien should have been discharged and that he should not have received an additional assessment for that tax year.

A suit under 28 U.S.C. § 2410 is proper only to contest the procedural regularity of a lien; it may not be used to challenge the underlying tax liability. See, e.g., Laino v. United States, 633 F.2d 626, 633 n.8 (2d Cir. 1980); Aqua Bar & Lounge, Inc. v. United States, 539 F.2d 935, 939 (3d Cir. 1976); Falik v. United States, 343 F.2d 38, 40-43 (2d Cir. 1965); Broadwell v. United States, 343 F.2d 470, 471 (4th Cir.), cert. denied, 382 U.S. 825 (1965). Accordingly, the relief plaintiff seeks is not available under § 2410, and this court is therefore without jurisdiction to hear the plaintiff's complaint on the grounds that § 2410 constitutes a waiver of the United

9

States' sovereign immunity.  See Pollack v. United States, 819 F.2d 144, 145-46 (6th Cir. 1987).

    **4.**        **The Anti-injunction Act (26 U.S.C. § 7421)**

From plaintiff's vague pleadings, it appears that plaintiff may be seeking to enjoin assessment and/or collection of his 1997, 2000, 2001, 2002 and 2003 federal income tax liabilities.  The court must consider whether the defendant has waived immunity pursuant to the Anti-Injunction Act, 26 U.S.C. § 7421, which articulates that, "except as provided in section[] . . . 6213(a), . . . no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court any and person."  26 U.S.C. § 7421(a) (Lexis 2005).  Passed to protect "the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference . . .," Bob Jones University v. Simon, 416 U.S. 725, 736 (1974), the Anti-Injunction Act applies to assessment and collection activities as well as audit activities that culminate in the assessment or collection of taxes.  Smith v. Rich, 667 F.2d 1228, 1230 (5th Cir. 1982).  However, under 26 U.S.C. § 6213(a), "[s]uits to enjoin the assessment of a deficiency are allowed if the taxpayer has not been mailed a notice of deficiency and afforded the opportunity for review in the Tax Court. 26 U.S.C. § 6213(a)."  Perlowin v. Sassi, 711 F.2d 910, 911 (9th Cir. 1983).

Although the amended complaint is silent on this point, Plaintiff's response to the motion to dismiss claims that he did not receive deficiency notices for the years 1997, 2000, 2001, 2002 and  2003.  (Doc. 15 at 9).  Defendant's pleadings are silent on this point and do not address the §6213(a) exception to the Anti-Injunction Act.  The court concludes that dismissal is not warranted at this stage of litigation as to any claim of equitable relief concerning the tax years 1997, 2000, 2001,  2002,  2003 and 2004.

## **CONCLUSION**

For the foregoing reasons, the court rules as follows:

1.  Defendant's motion to dismiss plaintiff's claims for damages arising out of common law torts and constitutional violations is due to be **GRANTED**.

2.  Defendant's motion to dismiss plaintiff's claim for civil damages under 26 U.S.C. § 7433 is due to be **GRANTED**.

3.  Defendant's motion to dismiss plaintiff's claim for relief pursuant to 28 U.S.C. § 2410 is due to be **GRANTED**.

4.  Defendant's motion to dismiss plaintiff's claim to enjoin assessment of plaintiff's 1997, 2000, 2001, 2002 and 2003 federal income tax liabilities and to enjoin collection of these same liabilities is **DENIED**.

**DONE and ORDERED** this 12th day of May, 2006.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE